**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL A. PISANO**
JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

**August 29, 2006**

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

**Re:   Di Giovanni v. New Jersey (04-2060)**

Dear Parties:

Plaintiff, Marco Vincent Di Giovanni, brought the instant lawsuit pursuant to 42 U.S.C. § 1983 on May 3, 2004 against numerous defendants.  Plaintiff alleges that on or about May 2 2002, defendants assaulted him and retaliated against him for filing a grievance against one of the corrections officers at the prison where he is currently serving a thirty-year sentence for murder.  Subsequent to the assault, Plaintiff claims that he was intentionally detained and was not provided with adequate medical treatment.

On July 14, 2002, the Court issued an opinion and order allowing Plaintiff's section 1983 claims seeking damages for excessive force, failure to intervene, and retaliation to proceed against defendants Lieutenant Donald Dudich, Sergeant Kevin Newsom, and Senior Corrections Officer Jason Smith (collectively, "Defendants").  The Court dismissed all other claims and all other defendants from the case.[1]

Defendants have moved for summary judgment pursuant to Fed. R. Civ. P. 56.  They argue that Plaintiff's complaint must be dismissed because he failed to properly and completely exhaust his administrative remedies prior to bringing the instant section 1983 lawsuit in federal court.  See Prison Litigation Reform Action ("PLRA"), 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); see also Woodford v. Ngo, 126 S. Ct. 2378, 2388-91 (2006) (holding that section 1997e(a) requires proper exhaustion of administrative remedies).

Plaintiff argues in opposition that on May 20, 2006, he submitted a remedy form to prison officials complaining of the May 2, 2002 incident involving Defendants.  The remedy form,

---

[1] The Court also allowed Plaintiff's excessive force, failure to intervene, and retaliation claims to proceed against defendant  "Senior Correctional Officer McEavey."  It appears from reviewing the docket in this matter that Officer McEavey was not properly served and thus, never appeared in this action.

submitted by Plaintiff, indicates that a prison staff member responded to Plaintiff's complaint as follows:

> [t]his matter was investigated at such time that you were cited for t002 (assaulting any person) in May 2002. This incident will not be reinvestigated at the Institutional Level.

See Remedy Form (May 20, 2006). Plaintiff appealed this response on or about June 22, 2006 stating that the prison's response did not address the relief he sought because the May 2, 2002 incident was not "independently or adequately investigated." Plaintiff's appeal was denied on or about June 26, 2006 because "the matter has been addressed."

The following facts are material and undisputed:

(1) the exhaustion requirement of section 1997e(a) is applicable to the instant case;

(2) the New Jersey State Prison Inmate Handbook sets forth a procedure for pursuing administrative remedies within the prison system which entails the filing of a remedy form and if necessary, subsequent appeal of an unfavorable decision. See Smith Affidavit, Exhibit B; Concepcion v. Morton, 306 F.3d 1347, 1355 (3d Cir. 2002) (holding that the exhaustion requirement of section 1997e(a) applies to procedures found in inmate handbook);

(3) the requisite remedy forms were at all times physically available to Plaintiff; and

(4) Plaintiff failed to completely exhaust his administrative remedies prior to bringing this lawsuit in federal court on or about May 3, 2004. Instead, Plaintiff filed his remedy form on May 20, 2006, after Defendants moved for summary judgment, and did not complete the prison grievance process until approximately June 26, 2006.

Case law is clear that exhaustion pursuant to section 1997e(a) is a *precondition* to bringing a section 1983 lawsuit challenging prison conditions in federal court. See, e.g., Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000); see also 42 U.S.C. § 1997e(a) ("No action shall be brought . . . *until* such remedies as are available have been exhausted.").

A plaintiff's claims are subject to dismissal where, instead of exhausting his remedies prior to bringing suit in federal court, he exhausts his claims while the litigation is pending. See, e.g., Booth v. Churner, 206 F.3d 289, 299-300 (3d Cir. 2000) (affirming district court's dismissal of section 1983 action without prejudice where plaintiff failed to fully exhaust administrative remedies before bringing suit in federal court); Kaiser v. Bailey, No. 01-6151, 2003 WL 21500339, at *6 (D.N.J. July 1, 2003) (dismissing case without prejudice pursuant to section 1997e(a) where plaintiff failed to completely exhaust administrative remedies before bringing suit in federal court); Ahmed v. Sromovski, 103 F. Supp. 2d 838, 846 (E.D. Pa. 2000) (dismissing section 1983 action without prejudice for failure to exhaust administrative remedies

before bringing federal court lawsuit); see also Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("Section 1997e(a) says that exhaustion must precede litigation."); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) (dismissing action where prisoner did not fully exhaust remedies before bringing suit in federal court).

Plaintiff's claim that he did not completely exhaust his administrative remedies prior to bringing the instant lawsuit because he was in fear of retaliation for doing so is rejected. Exhaustion under section 1997e(a) is mandatory. See, e.g., Spruill, 372 F.3d at 227 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). General fears of retaliation are not an exception to the section 1997e(a) exhaustion requirement. See Hines v. Valhalla County Correctional Facility, No. 0C-Civ-6935, 2002 WL 1822740, at *3 (S.D.N.Y. Aug. 8, 2002) ("A general fear of retaliation is not an exception to the PLRA's exhaustion requirement."); Teixeira v. Cockrell, No. 03-CA-0033, 2003 WL 22143273, at *4 (W.D. Tex. July 17, 2003) (rejecting plaintiff's contention that fear for his life inhibited his grievance efforts). The facts that Plaintiff filed the instant lawsuit and admittedly filed various grievance forms related to other complaints after the incident in question on May 2, 2002[2] contradict Plaintiff's allegations of fear. See, e.g., Teixeira, 2003 WL 22143273, at *4 ("Plaintiff's averments that fear and danger are inhibiting his grievance efforts are contradicted by his maintenance of this lawsuit and his filing of grievances in other matters."). Of course, Plaintiff also ultimately filed a remedy form concerning this incident on May 20, 2006.

Thus, for the foregoing reasons, the Court grants Defendants' motion for summary judgment and dismisses this matter without prejudice. See, e.g., Booth, 206 F.3d at 300 (dismissing action pursuant to section 1997e for failure to exhaust remedies prior to bringing suit in federal court *without prejudice*) (emphasis added); Ford, 362 F.3d at 401 ("*all* dismissals under § 1997e(a) should be without prejudice").[3] An appropriate order accompanies this letter opinion. This matter is hereby closed.

s/Joel A. Pisano<br>JOEL A. PISANO, U.S.D.J.

Original:   Clerk of the Court
cc:         All parties
            Judge Hughes
            File

---

[2] Plaintiff filed grievance forms premised on unrelated incidents on May 26, 2002, June 28, 2002, November 23, 2002, and January 24, 2003.

[3] The Court also dismisses all pending claims against Defendant Officer McEavey. As indicated in footnote 1, it appears that Officer McEavey was never properly served with Plaintiff's complaint in accordance with Fed. R. Civ. P. 4(m). In addition, it does not appear that Plaintiff took any other steps to pursue his causes of action against Officer McEavey, and thus, has failed to prosecute his claims against this defendant pursuant to Fed. R. Civ. P. 41(b). In any event, Plaintiff's claims against Officer McEavey are subject to the same exhaustion requirements discussed above, which Plaintiff admittedly failed to meet.